## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. KIDD. (No. 3012.) *

(Court of Civil Appeals of Texas. Texarkana. Feb. 19, 1925. Rehearing Denied Feb. 26, 1925.)

**1. Master and servant ⬳286(4)—Negligence in failure to supply goggles held for jury.**

In action by employee for loss of eye from steel splinter while operating lathe, evidence of employer's failure to supply goggles *held* to make defendant's negligence question for jury.

**2. Master and servant ⬳293(17)—Instruction on employer's knowledge of broken goggles properly refused.**

In action by employee for loss of eye while working on steel lathe, instruction to find for employer if it did not know or could not have known by exercise of reasonable care that goggles were broken, *held* properly refused, under evidence showing that only goggles furnished had been broken and left with employer when employee left service on former *occasion.*

**3. Trial ⬳219—Only necessary explanations and definitions submitted to jury in connection with special issues.**

When special issues are submitted to jury, the court need give only such explanations and definitions of legal terms as are necessary to render verdict thereon, under Vernon's Sayles' Ann. Civ. 1914, art. 1984a.

**4. Master and servant ⬳289(14)—Contributory negligence in operating lathe without goggles held for jury.**

Apprentice, assigned by foreman to new and more dangerous work without warning or instruction, except that this was rush job, who nevertheless made exhaustive attempt to procure goggles, *held* not guilty of contributory negligence, as a matter of law, in operating lathe without some protection for eyes from steel splinters.

**5. Damages ⬳132(14)—$10,000 not excessive for loss of eye.**

Verdict for $10,000 *held* not excessive for loss of eye from steel splinter.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Barron F. Kidd against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Marsh & McIlwaine, of Tyler, for appellant.

Johnson, Edwards & Hughes, of Tyler, for appellee.

WILLSON, C. J. July 2, 1921, appellee, then 20 years of age, a "machinist apprentice" in appellant's machine shops at Tyler, while operating a lathe used for reaming out steel tubing, suffered an injury to one of his eyes, which resulted in a loss of the sight thereof. The injury was caused by a piece of steel which "flew off," appellee testified, and struck him in the eye while he was reaming the tubing. In his suit for damages, resulting in the judgment appealed from, appellee charged, and the jury on special issues submitted to them found, that appellant was guilty of negligence which was a proximate cause of the injury, in that it did not "have any goggles for his use in the work in which he was engaged at the time of the injury."

[1] Appellant insists the testimony did not warrant the finding that it was guilty of negligence in the respect stated, and therefore that the court erred when he submitted such issue to the jury, and again when he refused a special charge it requested, which, had it been given, would have instructed the jury to find the issue in its favor. The proposition in support of the contention is that it was—

"established by the evidence that appellant used ordinary care to provide and keep on hand a sufficient supply of goggles for the use of its employees engaged as was appellee at the time he was injured."

The contention is overruled. There was testimony that it was dangerous to engage in the work appellee was doing (in conformity to instructions of his foreman) at the time he was injured, without protection for the eyes from bits of steel cut from the tubing in reaming same, and there was testimony that goggles for use by its employees was the means, and only means, for such protection theretofore provided by appellant. While the testimony showed that appellant at one time had a supply of goggles in its toolhouse and in a box at the emery wheel in its shops, and, further, that more than a year before the accident in question occurred it had furnished appellee a pair of goggles, it showed also, the jury had a right to say, that the goggles so furnished appellee became broken and useless; that thereafter he ceased working for appellant, and was not in its employ for about three months; that he began to work for appellant again about a month before he was injured, and when injured had not been furnished any other goggles; that on the occasion when he was injured, and before he began to ream the tubing, he went to appellant's tool room and applied to the man in charge thereof for goggles, and was told that appellant was "out of goggles"; and that he then went to the box at the emery wheel and looked for goggles there, but found none. 3 Labatt's Master and Servant, §§ 906, 916; 4 Thompson on Negligence, §§ 3986, 3995; Ry. Co. v. Lannigan, 56 Kan. 109, 42 P. 343.

[2, 3] Appellant next insists that if it was not error to submit the issue above referred to to the jury for the reason urged, it was

error to refuse in connection therewith a special charge it requested, which, had it been given, would have told the jury to find the issue in its favor if they believed that—

"defendant, prior to the time that plaintiff was injured, furnished to him a pair of goggles, and that said goggles were afterwards broken, so that they could not be used by plaintiff, and that plaintiff did not advise defendant that the goggles had been broken, and defendant did not know that they had been broken, and you believe from the evidence that an ordinarily prudent person, under similar circumstances, would not have known or could not have known by the exercise of ordinary care that plaintiff's goggles had been broken and rendered useless for his work, and would not have had or kept goggles for plaintiff's use in the work which he was doing when injured."

It would not have been error to refuse the instruction, even if the case had been submitted to the jury in a general charge, because it appeared from uncontradicted testimony that the goggles furnished appellee more than a year before he was injured, as stated above, were broken and useless before he ceased to work for appellant in March, 1921, and were left by him in appellant's possession when he so ceased working for it. Having possession of the goggles during the three months appellee was out of its service, certainly appellant was not in a position to claim it did not know same were broken, in the absence, as was the case, of testimony showing a reason why it did not know it. But special issues were submitted to the jury, and in connection with those issues it was proper to submit only "such explanations and definitions of legal terms" as were necessary to enable the jury to properly pass upon and render a verdict on such issues." Article 1984a, Vernon's Statutes. We think the "explanations and definitions" contained in instructions the court gave the jury were a sufficient compliance with the requirements of the statute, and that for that reason, also, it was not error to refuse the requested charge. Railway Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162; Connellee v. Ness (Tex. Com. App.) 266 S. W. 502; Fox v. Hotel Co., 111 Tex. 461, 240 S. W. 517. And for like reasons, we think the court properly refused to give appellant's special charge No. 11 to the jury.

[4] We do not think the contention is tenable that it conclusively appeared from the testimony that appellee was guilty of contributory negligence in operating the lathe as he did, without using some device to protect his eyes from slivers from the steel tubing, for we agree with appellee that the testimony—

"authorized the jury to find (1) that appellee, a mere apprentice, was assigned by the foreman, for the first time in his life, to work on this machine with this character of metal the day of and a few minutes before his injury; (2) that he had never had any experience with this character of metal, which was more dangerous in throwing out slivers than any other metal he had ever worked with; (3) that he was given no warning or instruction; (4) that he was given this 'rush job' by the foreman, with instructions that necessitated his immediate compliance with this direction; (5) that he made an exhaustive attempt to procure goggles from appellant; (6) that this was the first job of that kind he had ever had and required his constant view of the work, and the use of both hands for application of his calipers, and it was, therefore, impracticable for him to hold a bench brush, cap, screen or shield close to the machine to deflect these slivers."

It seems to us that the jury, finding facts as suggested, had a right to conclude that appellee was not at fault in undertaking as he did to do the work he was directed by the foreman to do.

[5] The jury found that appellee was damaged in the sum of $10,000, and the judgment in his favor was for that amount. It is urged that the amount is excessive, but we are not prepared to say it is, and overrule the contention.

The judgment is affirmed.

### On Motion for Rehearing.

The statement in the opinion disposing of the appeal that "it appeared from uncontradicted testimony that the goggles furnished appellee more than a year before he was injured, as stated above, were broken and useless before he ceased to work for appellant in March, 1921, and were left by him in appellant's possession when he ceased working for it," is challenged as erroneous because not warranted by the testimony, so far as it was that the goggles were left in appellant's possession when he quit work in March, 1921. The challenged part of the statement was based on uncontradicted testimony of appellee, testifying as a witness in his own behalf, as follows:

"I had my goggles in the locker when I laid off. When I came back I had my goggles—no; I broke them; I broke my goggles before the lay-off in 1921."

We thought that the jury had a right to conclude that the "locker" referred to was one furnished appellee by appellant, that the goggles referred to were left by appellee in that locker when he "laid off," and that appellant was in possession of the locker, and therefore of the goggles during the three months appellee was laid off. We still think the conclusions suggested were fair ones from the testimony set out, and that the statement in the opinion was not unwarranted as claimed by appellant.

We have considered the other contentions presented in the motion, and do not think any of them should be sustained.

The motion is overruled.