## PANHANDLE & SANTA FÉ RY. CO. v. HILLGER.

### No. 2639.

Court of Civil Appeals of Texas. El Paso. March 10, 1932.

Collins, Jackson & Snodgrass, of San Angelo, W. C. Jackson, of Ft. Stockton, and Terry, Cavin & Mills, of Galveston, for appellant.

W. A. Hadden, of Ft. Stockton, for appellee.

PELPHREY, C. J.

Appellee brought this suit against appellant in the county court of Pecos county, Tex., seeking to recover damages to an automobile, which damages are alleged to have occurred in a crossing accident in the town of Ft. Stockton, Tex., on or about the 6th day of September, 1929. His allegations were that the servants of appellant, without any warning, ran its railroad cars into his automobile at said crossing.

Appellant answered by a general demurrer, a general denial, and specially alleged that appellee was guilty of contributory negligence in driving his car onto appellant's track immediately in front of appellant's train which was slowly backing over the crossing without either stopping, looking, or listening.

The cause was tried to a jury, and, upon answers to the special issues favorable to appellee, the court rendered judgment in his favor for $242.70.

From that judgment appeal has been duly perfected to this court.

Opinion.

Appellant, among other things, assigns error to the trial court's refusal to instruct a verdict in its favor at the conclusion of the testimony.

Appellee has filed no brief in this court, and we therefore are without the benefit of his views on the questions involved.

In support of its assignment, appellant strenuously argues that the evidence shows that appellee was guilty of contributory negligence as a matter of law which proximately caused, or contributed to cause, the collision between the train and his automobile, and further that the proof was wholly insufficient to support any recovery

Appellant's counsel has ably briefed, both in his original and supplemental briefs, the theory of appellant that the evidence here shows that appellee was guilty of contributory negligence as a matter of law, and has cited us to many decisions of both the federal and Texas courts.

While the record here raises a grave question as to the correctness of appellant's contention, yet it also indicates that perhaps the evidence has not been fully developed on the question, and we shall not, therefore, reverse and render on that account.

The trial court submitted the following issues on the question of contributory negligence to the jury:

"Special Issue No. 4: Do you find from a preponderance of the evidence that the plaintiff Ben Hillger used ordinary care as herein defined in driving his Buick Coupe onto and across the railroad track of the defendant at the time and place of the injury?

"Answer yes or no."

"Special Issue No. 5: Do you find from a preponderance of the evidence that the plaintiff, Ben Hillger, was guilty of negligence as the term is herein defined in driving his Buick Coupe onto and across the railroad tracks of the defendant at the time and place of the injury?

"Answer yes or no."

Appellant objected to the charge because it did not submit to the jury the special acts of contributory negligence pleaded by it, requested the submission of special issues embodying the acts alleged, and here complains of the court's refusal to submit the facts separately.

The issues should have been submitted separately, and the court's refusal to do so calls for a reversal of the judgment. Article 2189, Revised Statutes; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

The judgment of the trial court is accordingly reversed, and the cause remanded.