## MASSACHUSETTS BONDING & INS. CO. v. CANNON.

### No. 13097.

Court of Civil Appeals of Texas. Fort Worth.

March 1, 1935.

V. M. Blow and Ernest May, both of Fort Worth, for appellant.

McLean & Scott and Wm. P. McLean, Jr., all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The Massachusetts Bonding & Insurance Company has appealed from a judgment in favor of Garland H. Cannon based on a policy of insurance by the defendant company.

The policy was dated February 29, 1932. and contains these provisions:

"This policy insures against * * * (2) disability resulting from illness which is contracted and begins during the life of this pol-

icy and after it has been maintained in continuous force for thirty days from its date.

"Part I. * * * Monthly Illness Indemnity One Hundred Dollars. * * *

"Part VII. Monthly Illness Indemnity.

"Confining Illness.

"Sec. (a) For the period not exceeding twelve consecutive months, during which the Insured shall be necessarily and continuously confined within the house and therein regularly visited by a legally qualified physician, solely by reason of 'such illness,' the Company will pay illness indemnity at the rate per month specified in Part I;

"Tuberculosis, Boils, Felons, or Abscesses.

"Sec. (b) Or, for the period not exceeding three consecutive months, during which the Insured shall be regularly attended by such a physician and wholly and continuously disabled from performing any and every duty pertaining to his occupation (whether or not confined within the house) by reason of tuberculosis, boils, felons or external abscesses, the Company will pay illness indemnity at the rate per month specified in Part I."

Plaintiff sought a recovery for twelve months' illness under the provisions of section a of Part VII, copied above, upon allegations that on the 4th day of April, 1932, he suffered and contracted illness, which has, since the inception thereof, necessarily and continuously confined him within the house, and since the inception thereof such illness has necessarily caused him to be regularly visited by legally qualified physicians solely by reason of such illness. The illness so alleged was "acute gastric ulcers and other complications arising therefrom, including tuberculosis," and that as a result thereof he is entitled to receive from the defendant insurance company the sum of $1,200, under and by virtue of stipulations in the policy, which was attached to the petition as a part thereof.

In addition to a general denial, the defendant pleaded specially as follows:

"Defendant further represents that the primary and proximate cause of plaintiff's disability since the issuance of his policy is the disease of tuberculosis; that such illness was contracted and began prior to the issuance of the policy upon which plaintiff sues, and prior to the expiration of thirty days after the issuance of such policy, hence is not compensable under the policy. If plaintiff is suffering from acute gastric ulcers, as alleged by him, the same also were contracted and began prior to the expiration of thirty days after the issuance of his policy.

"If plaintiff be mistaken in its belief as to any and all of the facts alleged, then it is represented that the primary and proximate cause of plaintiff's disability is the disease of tuberculosis. That defendant's maximum liability under the policy is the sum of $300.-00, and that plaintiff's recovery, if any, should be limited to such amount."

The following are special issues submitted to the jury with their findings thereon:

"1. Did the plaintiff contract the disease of tuberculosis prior to or within thirty days after February 29, 1932? Answer: No.

"2. Was the plaintiff's disability due solely to the disease of tuberculosis? Answer: No.

"3. Was the plaintiff Cannon on or about April 4, 1932, suffering with gastric ulcer of the stomach? Answer: Yes.

"4. Was the plaintiff, as a result of gastric ulcer of the stomach necessarily and continuously confined to his home? Answer: Yes.

"5. For what period of time subsequent to April 4, 1932, was the plaintiff necessarily and continuously confined to his house as a result of said gastric ulcer, if any? Answer: 12 months. .

"6. Did the plaintiff Cannon contract gastric ulcer of the stomach prior to or within thirty days after February 29, 1932? Answer: No.

"The burden of proof is upon the defendant to prove by a preponderance of the evidence, and by a preponderance of the evidence is meant the greater weight of the testimony, the affirmative of special issues Nos. 1, 2 and 6, and upon the plaintiff to prove the affirmative of special issues Nos. 3, 4 and the period of time inquired about in special issue No. 5."

Five physicians testified in the case; namely, Dr. Matheson, witness for plaintiff, and Drs. Cheatham, Neighbors, Barcus, and Horn, witnesses for defendant.

Dr. Matheson testified that he was called to see the plaintiff on April 4, 1932, and at that time diagnosed his ailment as gastric ulcers. He did not examine plaintiff to determine whether or not he was afflicted with tuberculosis. The diagnosis made by him was based upon feeling plaintiff's body and the complaints made at that time by the plaintiff of nausea, pain in the stomach, and vomiting spells after eating. He further testified that he continued to regularly visit the plaintiff until August, and on July the first

discovered for the first time that he was also afflicted with tuberculosis.

The testimony of the other doctors, witnesses for the defendant, was to the effect that they examined the plaintiff during the summer of 1932 in his bed, dates of their examinations not being shown, and found him suffering from tuberculosis, and in their opinions he was not suffering with gastric ulcers. Their testimony was to the further effect that usually tuberculosis is not a sudden development but comes on gradually over a period of something like one year.

Mrs. Cannon, wife of plaintiff, testified that in August, 1932, under the advice of Dr. Matheson, they left their home in Fort Worth to go to the State Tuberculosis Sanatorium in the vicinity of Carlsbad, Tex. They first stopped in San Angelo and remained there for two months, then went to the sanatorium above mentioned, where plaintiff has remained since. She further testified that ever since April 4, 1932, when Dr. Matheson first visited the plaintiff, he has been confined to his bed and has suffered nausea and vomiting spells after his meals. Neither she nor any other witness testified that he was visited by any physician for any illness while he remained in San Angelo. She further testified that after reaching the State Sanatorium he was visited by one of the doctors in that institution, but there was no testimony to show for what ailment that physician treated him. She further testified that she knew that that was a hospital provided by the state for tubercular patients, but further said that after a patient arrived there he would be treated for any other complaint with which he might be suffering. The trial was on October 16, 1933.

Neither of the five doctors first mentioned treated plaintiff after he left Fort Worth to go to San Angelo. As noted in the verdict, there was no finding by the jury that during the time plaintiff was confined to his house as the result of gastric ulcers, he was regularly visited by a legally qualified physician, solely by reason of such illness. And it is apparent from what we have already said that the testimony was insufficient to support such a finding, which was a necessary fact to be found in order to sustain the judgment rendered. In addition to failure of the testimony to show that plaintiff received such treatment while in San Angelo, we will add that the presumption could not be indulged that he received such treatment while in the sanatorium, since in order to so do it would be necessary to infer that the doctor who treated him first diagnosed his illness as that of gastric ulcer instead of tuberculosis, and upon that inference build another inference that he then treated him for gastric ulcer, which would be in violation of the familiar rule that one inference cannot be founded upon another. Fort Worth Belt R. Co. v. Jones, 106 Tex. 345, 166 S. W. 1130.

It is our further conclusion that the court erred in placing upon the defendant the burden of proving by a preponderance of the evidence the affirmative of issues 1, 2, and 6, namely, that plaintiff contracted the disease of tuberculosis prior to or within thirty days after February 29, 1932, and that his disability was due solely to that disease, and that he contracted gastric ulcer of the stomach prior to or within thirty days after February 29, 1932.

Plaintiff did not sue for monthly illness for three consecutive months, under section b of part VII of the policy, but solely under the provisions of section a preceding section b. His pleadings were in the language of section a and the burden was upon him to sustain those allegations by a preponderance of the evidence. Tuberculosis was not compensable under section a.

The testimony introduced by the defendant tending to support an affirmative finding on issues 1, 2, and 6 would have been admissible under the general denial pleaded by the defendant and the defendant was entitled to an affirmative submission of those issues as a defense to plaintiff's suit, and especially so since it had specifically pleaded those facts as defenses. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. And the right to have those defensive issues affirmatively submitted did not relieve the plaintiff of the burden of establishing a right of recovery under his pleadings by a preponderance of the evidence.

In view of the foregoing conclusions, it will be unnecessary to discuss the merits of a further assignment alleging improper argument by plaintiff's counsel in his closing remarks to the jury, since arguments of that character may not be indulged upon another trial. But for the error pointed out above, the judgment of the trial court is reversed, and the cause is remanded.