**SHELL PIPELINE CORPORATION et al.,**
Appellants,

v.

**H. F. BILLINGSLEY et al., Appellees.**

No. 3593.

Court of Civil Appeals of Texas.

Eastland.

Jan. 27, 1961.

Rehearing Denied Feb. 17, 1961.

Stowe & Harman, Odessa, Jack T. Akin, Midland, for appellants.

Huff, Splawn & Bowers, Lubbock, for appellees.

WALTER, Justice.

H. F. Billingsley and J. P. Billingsley filed suit against Shell Pipeline Corporation and Jack Conner Construction Company, Inc., for damages to their land resulting from the construction of a pipeline. Shell had an easement from the Billingsleys to lay the line and Conner did the work for Shell as an independent contractor. Based on a jury's verdict, judgment was rendered for the plaintiffs for $2,100.

Shell and Conner have appealed, contending the court erred in entering judgment for the plaintiffs because (1) there was no evidence the ditch was improperly back-filled; (2) the jury's answer that the ditch was improperly back-filled is against the great weight and preponderance of the evidence; (3) there was no evidence to support the jury's award of $2,100 for reparable damages to the land; (4) the judgment is excessive; (5) their objections to the charge should have been sustained and (6) the judgment is for an amount in excess of that asked for by plaintiffs.

The plaintiffs alleged their land had been permanently damaged. Shell answered that it had employed Conner to lay the pipeline as an independent contractor and prayed that it have judgment over against Conner for any judgment rendered against it. Conner alleged the plaintiffs were seeking an erroneous and improper measure of damages. It alleged plaintiff's damages were temporary and reparable.

Shell's contract with Conner contained the following provision: "Rock which is

excavated from the ditch across cultivated fields may be returned to the ditch provided the rock size is no larger than four-inch, in which case it must be removed from the soil before back-filling." Shell's representative, Simons, testified that he represented to Mr. Billingsley there would be no rocks over four inches placed in the ditch. The plaintiff, H. F. Billingsley, attempted to chisel the right-of-way after the job was completed and discovered:

"Q. And, when you tried to chisel it, what did you discover? A. I found it was full of rocks.

"Q. Now, when you say 'it was full of rocks', what do you refer to? A. Well, there was lots of rocks in it.

"Q. And, in the—over the ditch, I mean? A. That's right.

"Q. Was it directly over, or not, where they had laid the pipeline? A. It was."; that he was chiseling six or seven inches deep and found rocks over four inches and some of them were so large he had to take a sledge hammer and beat them up before he could load them; that there was one place in the ditch about forty-four yards long that was washed out so that he could not run a tractor across it; that he placed his brother Jimmy in the ditch and said that "It came up to that center button on his coat." Shell's representative, Carol D. Simons, testified: that he thought Billingsley was an honest man; that he had never seen a pipeline ditch fifteen months after it had been laid in as bad condition as the one on the Billingsleys' land; that he had never seen a ditch settle so much; that the damage to the land was temporary and that he had examined the ditch where the pipeline was laid and found approximately four places where there were rocks and some of them were more than four inches. Conner's representative, Jones, testified it would be improper to place rock back into the ditch on top of the first back-fill.

■ Appellants contend that under the rule announced in Joske v. Irvine, Tex.Civ.
App., 44 S.W. 1059, the evidence creates only a surmise or suspicion that the ditch was improperly back-filled. After considering the evidence on the vital facts, we are of the opinion that it goes beyond the point of creating a mere surmise or suspicion and that it has probative force. The appellants' points that there was no evidence to support the finding that the ditch was improperly back-filled are overruled.

After following the rules announced by our Supreme Court in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we conclude that the jury's answer that the ditch was improperly back-filled is not against the overwhelming weight and preponderance of the evidence.

■ Billingsley's witness testified the cost of repairing the damages would be $2,-100 and Shell and Conner's witness testified the cost would be $200. Appellants' point that there was no evidence to support the jury's answer that $2,100 would be the reasonable cost of repairing the damage is overruled.

■ Appellants' points that the court erred in submitting special issue number 8 in such a manner as to allow the jury to speculate and assume negligence, and in submitting its definition of "reasonable cost of repair", because it did not confine the jury to the reasonable cost of repair caused by negligence cannot be sustained. No objections were made to the definition of negligence. The special issue does not assume negligence. Said issue is as follows: "What do you find from a preponderance of the evidence to be the reasonable cost to repair the damages, if any, on Plaintiffs' land, if you have so found, as a result of the negligence, if any, in the construction of the pipeline in question?— * * *"

It is true the definition of "reasonable cost of repair" does not confine the jury to the damages caused by negligence but said special issue does so confine the damages to the "negligence, if any,". When we read special issue number 8 and the

definition that follows it together, as the jury was required to do before answering said issue, we hold the court did not err in overruling appellants' objection.

Since Fox v. Dallas Hotel Company, 111 Tex. 461, 240 S.W. 517, where the defendant has pleaded matters of defense and supported his pleadings by competent evidence it has been the duty of the court to submit said issues upon proper request. The defendants pleaded that the damages to plaintiffs' land were temporary and reparable. Both sides introduced evidence relative to temporary and reparable damages. No objection was made that the issue was not supported by the pleadings. We hold the court did not err in finding the damages to plaintiffs' land were temporary and in rendering judgment for $2,100.

We have examined all of appellants' points and find no merit in them and they are overruled.

Judgment affirmed.