GARDENHIRE v. GARDENHIRE et al. (No. 7234.)

(Court of Civil Appeals of Texas. Dallas. Jan. 2, 1915.)

1. TRIAL (§ 350*)—SPECIAL VERDICT—SUBMISSION OF ALL ISSUES.

When a case is submitted on special issues, every controverted issue must be submitted, except those the court may pass on under Rev. St. 1911, art. 1985, providing that the failure to submit an issue shall not be reversible error, unless a request is made for such submission in writing, but it will be presumed that the court made such finding on that issue as will support the judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. § 350.*]

2. APPEAL AND ERROR (§ 218*)—PRESENTING QUESTION IN LOWER COURT—REQUEST FOR SUBMISSION OF ISSUES.

Where the court submitted all the issues to the jury, but qualified the first two by stating that, if the jury found either of those issues against the defendant, they need not answer the others, to which qualification the defendant excepted, it was not necessary to request in writing a submission of the other issues to raise

the question on appeal, under Rev. St. 1911, art. 1985, providing that the failure to submit an issue shall not be reversible error, unless a request for submission was made in writing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315–1321, 1323; Dec. Dig. § 218.*]

3. TRIAL (§ 352*)—SPECIAL VERDICT—SUBMISSION OF ISSUES—SUFFICIENCY.

A special issue, in trespass to try title to land claimed by a wife as a homestead, whether she had abandoned and discontinued the use of the premises with intention not to use the same as a home, is not sufficiently explicit to cover the issue whether she separated from her husband with intention no longer to live with him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 840–842, 844, 845; Dec. Dig. § 352.*]

4. HOMESTEAD (§ 141*) — RIGHT OF WIFE — LOSS BY SEPARATION.

Where a wife, without fault of the husband, voluntarily separates from him and leaves the homestead, which is his separate property or community property, she forfeits her homestead right therein.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 261–270; Dec. Dig. § 141.*]

5. HUSBAND AND WIFE (§ 271*)—COMMUNITY PROPERTY—SEPARATION.

A voluntary separation by the wife from her husband, and an abandonment of the homestead, which was purchased and improved in part from community funds, does not forfeit the interest of the wife therein to the extent that it was benefited by the community funds.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 565; Dec. Dig. § 271.*]

6. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—FRAUDULENT CONVEYANCE.

A husband cannot defeat his wife's community interest in the real property by a sale thereof made with that intent, of which intent the purchaser had notice.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 561; Dec. Dig. § 267.*]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Trespass to try title by F. E. Gardenhire against C. M. Gardenhire and others. Judgment for the plaintiff, and defendant C. M. Gardenhire appeals. Reversed and remanded.

Brame & Brame and Jones & Hassell, all of Sherman, for appellant. Freeman & Batsell and J. H. Lawson, all of Sherman, for appellees.

RAINEY, C. J. F. E. Gardenhire, appellee, brought this suit in the nature of trespass to try title to a tract of 47 acres of land in Grayson county, Tex., and in the alternative for partition, against C. P. Gardenhire, his father, C. M. Gardenhire, his stepmother, Nick Graves, son of the said C. M. Gardenhire, and against the surviving sisters of the said F. E. Gardenhire and their husbands and the legal heirs of the deceased sisters of the said F. E. Gardenhire. Before the trial of the cause, the father, C. P. Gardenhire, died, and by amended petition his name was omitted from those of defendants and the suit proceeded against his second wife, C. M. Gardenhire, her son, the said

Nick Graves, and the surviving heirs of the said C. P. Gardenhire, deceased. C. M. Gardenhire specially answered that the land was the homestead of herself and husband, C. P. Gardenhire, deceased, and that she was entitled to possession of same as such homestead; that she had a community interest in said land by reason of community funds of herself and said husband being paid for part of said land and improvements placed on the same. The case was submitted by the court to the jury on special issues, and upon the verdict rendered by the jury a judgment was entered in favor of appellee, F. E. Gardenhire, for the entire tract of land, charged, however, with $105 in favor of Blanche Ferguson, one of the defendants in the suit below.

[1] The first assignment is:

"Because the court erred in qualifying questions Nos. 1 and 2, so as not to permit the jury to answer other questions submitted to them on other issues raised by the evidence and pleadings of the parties; said questions Nos. 1 and 2 and said qualifications being as follows:

"'Question No. 1. Did the defendant Mrs. C. M. Gardenhire, on or about the 19th day of January, 1910, abandon and discontinue the use of the premises involved in this suit with the intention not again to use same as a home?'

"'Question No. 2. Did defendant on or about the 19th day of January, 1910, abandon and separate from deceased, C. P. Gardenhire, with the intention of thereafter living separate and apart from him as his wife?'

"'If you answer "Yes" to questions Nos. 1 and 2, or either of them, then it will not be necessary for you to answer further; but you will at once return your verdict into court. If, however, you shall answer "No" to said questions, then you will proceed to answer question No. 3.'"

At the request of appellee, Gardenhire, the court submitted to the jury, in addition to the questions above mentioned, 17 others; but in accordance with the court's instructions the jury returned a verdict affirmatively in answer to only one of them. The court thereupon entered judgment for appellee, and against appellant, evidently deeming that said answer settled all other issues raised by the pleadings and evidence. This action of the court we think was error. It is well settled in this state that when a case is submitted on special issues the parties thereto are entitled to have the jury pass upon every controverted issue involved in the controversy, unless where the court is authorized to pass upon issues not found by the jury, as provided by article 1985, R. S. 1911.

[2] The court submitted to the jury all controverted issues under the pleadings and evidence, and it was not necessary for the appellant to submit in writing those issues of which she complains as not submitted, for she duly excepted to the qualification made thereto by the court, which qualification prevented the jury from passing on only one issue.

[3] One of the issues involved in this controversy is:

"Did appellant abandon and separate from her husband, C. P. Gardenhire, with the intention of thereafter living separate and apart from him as his wife?"

This issue was in part embraced in question No. 1, but we think not sufficiently explicit to cover the legal proposition covered by question No. 2, which should have been answered. In 1889, when C. M. Gardenhire married C. P. Gardenhire, he was living on the land in controversy, where he took his last wife to live. The land was the community homestead of himself and a former deceased wife, by whom he had several children, most, if not all, of whom were living at the time of the trial of this case. Mrs. C. M. Gardenhire claims that some of the payments for this land were made by C. P. Gardenhire out of community funds of herself and the said C. P. Gardenhire, after their marriage. She also claims that there were two or three rooms added to the dwelling house and other improvements made on the premises after she went there to live, which were paid for with community funds of herself and husband, C. P. Gardenhire, and for which she claims an interest.

Plaintiff claims that about January 1, 1910, Mrs. C. M. Gardenhire separated from C. P. Gardenhire and abandoned the home with the intention of never returning to it to live and of never again living with her husband, C. P. Gardenhire. Plaintiff also claims that a short time after Mrs. C. M. Gardenhire separated from her husband and abandoned the home, the husband, C. P. Gardenhire, abandoned the state and went to the state of Oklahoma, with the intention of living there, and died there in the year 1913. In November, 1910, Mrs. C. M. Gardenhire returned to the land, took possession of same, and claims it as her homestead. In 1911, some months after she returned to the place, C. P. Gardenhire conveyed the land to plaintiff.

[4] If the wife, without fault of the husband, voluntarily separates from and abandons him and leaves the homestead which is the separate property of the husband, or their community property, she thereby forfeits her homestead right therein, and the husband is free to dispose of it without her consent. Cockrell v. Curtis, 83 Tex. 105, 18 S. W. 436; Ezell v. Dodson, 60 Tex. 333; Craddock v. Edwards, 81 Tex. 609, 17 S. W. 228. If Mrs. C. M. Gardenhire did in fact voluntarily separate from and abandon C. P. Gardenhire, and thereby lost her homestead right in the premises, she could not resume that right and repossess the property without the consent of C. P. Gardenhire, and his right to dispose of the property without her consent did not affect the validity of the sale to appellee. When C. P. Gardenhire left the place, if he never intended to return thereto, it then stood free from any homestead claim that Mrs. C. M. Gardenhire could assert. C. P. Gardenhire having disposed of his interest

in the property before his death, Mrs. C. M. Gardenhire could inherit no estate therein.

[5, 6] If Mrs. Gardenhire did abandon her husband, she did not forfeit her right to have his separate estate charged with any community funds that went into any permanent improvements placed upon his separate estate, and appellee had notice thereof when he bought. Sanburn v. Deal, 3 Tex. Civ. App. 385, 22 S. W. 192. And if the community funds of C. P. and C. M. Gardenhire were expended in purchasing the interest of the children in the land, the sale by C. P. Gardenhire was made with intent to defraud Mrs. Gardenhire of her rights, and such intent on the part of C. P. Gardenhire was known to appellee, then the sale of such interest is void as to Mrs. Gardenhire, and did not affect her interest.

We think the jury should have been allowed to pass upon the issues as indicated, and the court erred in withdrawing them from their consideration.

The judgment is reversed, and the cause remanded.