## BONIN v. A. C. HORN CO. OF TEXAS et al. (No. 7225.)

Court of Civil Appeals of Texas. Austin.
May 9, 1928.

Rehearing Denied May 29, 1928.

**1. Trial ⊙⟲352(5)—Defendant is entitled to have each independent defense raised by pleadings and evidence separately submitted in case tried on special issues.**

When a cause is submitted on special issues, defendant is entitled to have each separate and independent ground of defense raised by pleadings and evidence submitted to the jury by a separate issue.

**2. Trial ⊙⟲351(5)—Refusal to submit special issues as to mortgagee's promise to release materialman's liens held error in foreclosure suit, though issue of fraudulent procurement of chattel mortgage was submitted.**

In action to foreclose chattel mortgage on automobile, in which defense was that plaintiffs had taken mortgage under agreement to release materialman's liens and had failed to do so, and that plaintiffs had procured mortgage by fraudulent representation that their liens covered all of defendant's property in county, refusal of trial court, in trial on special issues, to submit requested special issues on plaintiffs' promise to release liens *held* error, though court submitted issue as to whether execution of mortgage was fraudulently induced.

**3. Trial ⊙⟲350(4)—Issue whether defendant gave chattel mortgage in reliance on plaintiffs' promise to release mechanic's liens held for jury in foreclosure suit.**

In suit against contractor to foreclose chattel mortgage lien on automobile, issue whether defendant gave chattel mortgage acting in reliance on plaintiffs' promise to release mechanic's liens, for materials furnished in construction of houses *held* for jury under evidence.

On Motion for Rehearing.

**4. Appeal and error ⊙⟲731(1)—Assignments of error for court's refusal of special issues, designated by number, held sufficient.**

Assignments of error that court erred in refusing to give special issues, designated by number and requested by defendant, *held* sufficient, since court could determine particular rulings complained of.

Error from Harris County Court; Ben F. Wilson, Judge.

Suit by the A. C. Horn Company of Texas and others against J. A. Bonin. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

J. R. Hill and P. Harvey, both of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood, L. G. Zinnecker, and S. H. German, all of Houston, for defendants in error.

BLAIR, J. The parties will be designated appellant and appellees. Appellees sued ap-

pellant upon his two notes, payable to them, and to foreclose a chattel mortgage lien on a Willys-Knight automobile securing the notes. Appellant pleaded that the consideration for the mortgage had failed upon the following grounds:

(1) That appellees filed materialmen's liens against certain property in Woodleigh addition and Washington Terrace addition to the city of Houston, on which appellant had constructed buildings as a contractor; that appellees agreed to release these liens if appellant would execute the mortgage in suit on his automobile securing the same indebtedness as was secured by said materialmen's liens; that he would not have executed the mortgage except for the promise to release said materialmen's liens; and that appellees had failed and refused to execute said releases as they promised to do.

(2) That appellees also misled and deceived appellant into the belief that said materialmen's liens covered all the property he owned in Harris county, and that their promise to release the said liens, and their deceit in inducing him to believe that said liens covered all his property in Harris county, caused him to execute and deliver the mortgage in suit, which was therefore void.

Among others, the court submitted the following special issue to the jury:

"Was or was not defendant fraudulently induced by plaintiffs to execute the mortgage on his automobile?"

To this issue the jury answered: "He was not." Upon this finding of the jury and other findings not necessary to mention here, the court rendered judgment in favor of appellees for the amount of the notes and for a foreclosure of the mortgage lien on the automobile securing the notes. The appeal is from that judgment.

The trial court refused to submit appellant's following requested special issues to the jury:

"Did the plaintiffs' agents, Lambert or Zinecker, promise Bonin to execute a release of the materialmen's liens described in defendant's answer, if Bonin would execute to plaintiffs a mortgage on his Willys-Knight automobile."

"If you have answered the foregoing issue No. 1 in the affirmative, then and only in that event, answer this: Did said promise induce defendant to execute said mortgage?"

[1, 2] These issues presented appellant's first complete ground of defense as hereinabove set out, and should have been given. When a cause is submitted on special issues a defendant is entitled to have each separate and independent ground of defense raised by the pleadings and evidence submitted to the jury by an appropriate special issue or issues. Wilson v. Thompson (Tex. Civ. App.) 186 S. W. 773; Gardenhire v. Gardenhire (Tex. Civ. App.) 172 S. W. 726; T. & N. O. Ry. Co. v. Wagner (Tex. Civ. App.) 262 S. W.

6 S.W.(2d)—52

902; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; and Ormsley v. Ratcliffe (Tex. Sup.) 1 S. W. (2d) 1084.

Appellees seek to justify the action of the trial court in refusing to give the issues requested, upon the ground that issue No. 2, supra, as given by the court, included and covered the matters or inquiries raised by the requested issues. We do not sustain the contention. Issue No. 2, submitted by the court, was based solely upon the second defense pleaded; that is, whether appellees fraudulently induced appellant to execute the mortgage. Certainly that issue had nothing to do with the first defense pleaded; that is, whether appellees had breached their contract to release the mechanic's lien in consideration of appellant giving the new security for the old.

[3] Appellees also seek to justify the action of the trial court in refusing to give the requested issues upon the ground that there was no evidence that appellant acted upon the appellees' promise to release the liens on the property described in the answer; hence a fatal variance in the allegations and the proof thereof. This contention cannot be sustained. Appellant testified that he owed a balance to appellees for material furnished him with which he constructed buildings on the property described in his answer; that he executed the notes and mortgage in suit in settlement of that indebtedness; that the mortgage was executed under agreement with appellees that they would release the mechanic's liens on the property described in his answer, in which he was interested, as the parties for whom he built the houses were his friends, and that he felt obligated to relieve the property of the liens; and that appellees had failed and refused to release the liens after they got the mortgage in suit, as they had agreed to do. This evidence is sufficient to require the submission of the requested issues to the jury.

Appellant makes no complaint on this appeal with reference to the judgment against him on the notes sued upon, and that judgment will be affirmed. We reverse the judgment foreclosing the mortgage lien on the automobile, and remand the cause in that respect.

Affirmed in part, and in part reversed and remanded.

On Motion for Rehearing.

[4] On motion for a rehearing, appellees seek to justify the trial court's action in refusing to give the requested special issues quoted in our opinion, upon the ground that the assignments of error with reference thereto are too general. Assignment 2 is as follows:

"The court erred in refusing to give to the jury special issue No. 1, requested by the defendant."

Assignment 3 is as follows:

"The court erred in refusing to submit to the jury special issue No. 2, requested by the defendant."

The cases of Carter v. Guaranty State Bank (Tex. Civ. App.) 262 S. W. 108, and Sanburn v. Deal, 3 Tex. Civ. App. 385, 22 S. W. 192, are cited in support of the motion. The holding in the first case is not in point, and the holding in the second case has been overruled. In the case of Earle v. Thomas, 14 Tex. 583, an assignment that "the court erred in refusing the charge asked by the defendant" was held good. This holding was again specifically approved by the Supreme Court in the case of Clarendon Land Invest. Agency Co. v. McClelland Bros., 86 Tex. 191, 23 S. W. 1103, 22 L. R. A. 105, in which it is held that:

"Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good."

The motion will be overruled.
Overruled.