## ADAMS v. LE SAGE.
### No. 644.

Court of Civil Appeals of Texas. Eastland.
Dec. 20, 1929.
Rehearing Granted Jan. 31, 1930. Further Rehearing Denied Feb. 28, 1930.

McFarlane & McFarlane, of Graham, for appellant.

Marshall & King, of Graham, for appellee.

FUNDERBURK, J.

R. S. Le Sage brought this suit in the district court of Young county against C. Adams, asserting four distinct causes of action. The first was upon a promissory note, dated April 2, 1924, payable in installments aggregating $394.40, to the order of Bennett Motor Company, with interest, etc. Ownership of the note by transfer from the original payee was duly alleged, the claim being limited to a balance due on the principal of $197.20. The second was upon a promissory note given by said Adams to Universal Motor Company S. A. dated June 24, 1924, and due July 24, 1924, for the principal sum of $100. Ownership of this note was alleged by plaintiff and the full amount claimed with interest and attorneys' fees. The third was upon an account alleged to have been originally due by defendant to Universal Motor Company S. A., in the sum of $300 and upon which a balance was claimed of $290. Transfer of this account from the Universal Motor Company to plaintiff and ownership by plaintiff was alleged. The fourth was for collections claimed to have been made by defendant for plaintiff, and not accounted for or paid, aggregating $60.85. The defendant, in addition to exceptions to plaintiff's petition, pleaded payment of all the indebtedness due by him to plaintiff, and specially pleaded payment of the balance of $197.20 on the $394.40 note by alleging an advance to him by plaintiff on account of the said sum of $197.20 with which he paid the note, and further pleaded, in the alternative, that if any sum was due upon account that same was barred by the two-year statute of limitation (Rev. St. 1925, art. 5526). He spe-

cially denied that he owed the account upon which a balance was claimed of $290, or the amount claimed on collections. The case was tried before a jury. Upon the answer of the jury to special issues submitted and found by them in favor of the plaintiff, judgment was given for plaintiff and entered accordingly. The defendant has appealed.

■ Appellee objects to a consideration of the several propositions urged for a reversal of the judgment because the appeal bond is for a penal sum of only $150, the clerk having fixed the probable amount of costs at $150, and therefore the bond is not for double the amount so fixed as required by Rev. St. 1925, art. 2265. We do not believe that for that reason we would be justified in declining to take jurisdiction of the appeal. Rev. St. 1925, art. 1840, provides that, where there is a defect of substance or form in any appeal or writ of error bond, *"then on motion to dismiss the same for such defect"* (italics ours), the appellate court may allow the same to be amended by filing in such appellate court a new bond on such terms as the court may prescribe. A motion to dismiss for such reason, we think, should be made before submission, or at least, facts be shown to excuse the failure to do so. Otherwise, or in the absence of any motion, we are inclined to think that a defect such as this, especially if the bond is otherwise good, should be treated as waived.

Appellant's first proposition is as follows: "When plaintiff paid off the note of the Commercial Credit Company the amount became a debt of $197.20 by the defendant to plaintiff. The plaintiff paid off the note on December 29th, 1924, and the suit was filed herein November 14th, 1927, more than two years after the account was due, and defendant having plead the two years statute of limitations, the debt was barred."

It is stated that this proposition is germane to the first and second assignments of error. The first assignment of error is: "The court erred in failing to submit Special Issue No. 1 requested by defendant, said special issue reading as follows: 'Defendant's Special Issue No. 1: Did the plaintiff and defendant agree that the $390.00 Bennett Motor Company note should be charged to defendant's account and paid by defendant out of his salary? Answer yes or no. Answer.' Because the defendant had plead and proven such an agreement and the answer of the jury to the same would have given the proper legal test as to this defendant's liability, if any."

The second assignment is: "The court erred in failing to submit defendant's Special Issue No. 2 in his charge to the jury, said issue reading as follows: 'Defendant's Special Issue No. 2: If you have answered Special Issue Number One "no" then you need not answer this special issue; if you have answered it "yes" then state the date said agreement was entered into. Answer.' Because the defendant had plead and proven such an agreement and the answer of the jury to the same would have given the proper legal test as to this defendant's liability, if any."

Objection is made to the consideration of the proposition because same is not germane to the assignments, in that the proposition assumes the existence of a fact in issue and found by the jury adversely to appellant. Clearly the proposition is not germane to either of the two assignments. But, if we waive that matter and consider the proposition, it is wholly without merit because it does, in fact, assume that plaintiff paid off the balance of $197.20 on the $394.40 note, which was a fact in issue and was found by the jury contrary to the assumption. The proposition is therefore a mere abstraction, and presents no question of law arising on this particular record. Certainly it presents no question properly arising upon the record with reference to limitation.

The second and only other proposition of appellant is as follows: "Money loaned by plaintiff to defendant on open account in April 1924, due in thirty days, would be barred by the statute of limitations two years later, and where the statute of limitations was plead a recovery could not be had on a suit filed more than three years and six months after the loan was due."

This is said to be germane to the fifth assignment of error, as follows: "The court erred in submitting Special Issue No. 7 of his charge to the jury, reading as follows: 'Issue No. 7: If you have answered Issue No. 5 "yes," do not answer this, but if you have answered it "no," then answer: Did the defendant Adams, for a valuable consideration and within two years prior to November 14, 1927, agree to pay plaintiff Le Sage such balance? Answer "yes" or "no." Answer.' Because plaintiff did not plead any new agreement and this defendant, at the time, objected to the introduction of any evidence attempting to prove any such agreement and no such legal agreement as contemplated by law was ever proven by plaintiff as would warrant the submission of this issue."

It is likewise objected that this proposition is in no wise related to the assignment, and we think the criticism is merited. The proposition undertakes to present a question of limitation. The special issue objected to by the assignment apparently did not involve any question of limitation. Appellee himself did not so construe it because his objection to it, in addition to the claim that it was immaterial, was that there was no pleading of any verbal contract or agreement covering the items of $290 and $60.85, "and defendant

objected to the introduction of any testimony offered to prove any such agreement, there being no pleadings to support same, and no testimony that would legally justify the submission of such issues (that is, 7 and 10) to the jury."

In other words, the objection to the submission of the special issue was that there was no pleading to support it. If appellant's answer can be construed as pleading limitation to the claim of $290, to which special issue No. 7 alone related, which is somewhat doubtful, but immaterial to the present inquiry, it is quite plain that the court submitted no issue of limitation, nor does appellant present any assignment complaining of such action. Limitation being an affirmative defense, it must, under such circumstance, be deemed to be waived. Ratcliffe v. Ormsby (Tex. Civ. App.) 298 S. W. 930; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

We are therefore of the opinion that this proposition also must be overruled.

There appearing no error in the judgment of the court, same will be affirmed, and it is accordingly so ordered.

## On Rehearing.

HICKMAN, C. J.

A careful reconsideration of this case has convinced the majority that an incorrect disposition thereof was made by us in the original opinion. We now think the trial court erred in failing to submit to the jury special issue No. 1, requested by defendant. This special issue is copied in the original opinion and need not be here repeated.

In addition to the statement contained in the original opinion, we think the following should be made: On that phase of the case involving the note of $394.40 to Bennett Motor Company, the defendant below, appellant here, pleaded, in substance, that the note was paid by plaintiff to the Commercial Credit Company, who obtained same from Bennett Motor Company, under an agreement based upon a valuable consideration, whereby plaintiff agreed to charge to the defendant, as an open account, the amount of money which it cost plaintiff to discharge this note; and that defendant should pay same to plaintiff at the rate of $10 per month. This defense was pleaded at great length. Defendant also pleaded that he had, in fact, paid the open account, and did not owe the plaintiff anything.

It was obviously important, from the defendant's standpoint, to have determined the question of whether plaintiff had a right to sue on the note, or whether the suit should have been based upon the account. The question of attorneys' fees was involved. If the suit was on the note, a different rate of interest would obtain, and a different period

of limitation govern. Besides, the petition having declared on a note, it would not sustain a recovery on an open account. A determination by the jury of this particular issue presented by the group of facts specially pleaded by the defendant was essential to a determination of whether plaintiff was entitled to any recovery at all on this phase of the case.

 Defendant's right to have this group of facts, pleaded and relied upon by him as a defense to plaintiff's cause of action, separately and clearly submitted to the jury, is guaranteed to him by the plain mandate of the statutes. Article 2189, R. S. 1925. All questions about the construction of this statute were removed by our Supreme Court in the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522. The following language in that opinion clearly announces the rule: "Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved."

This rule has been uniformly followed by that court without modification or exception. This court has had occasion to apply and follow it many times heretofore.

 It may be that the general issue contained in the charge on the question of payment was comprehensive enough to cover this defensive pleading, but, in our opinion, it was entirely too comprehensive to present separately this group of facts pleaded by the defendant as a defense. In the Fox Case, supra, a general issue was submitted broad enough to comprehend the various issues of contributory negligence pleaded by the defendant, but the opinion disposes of the contention that defendant's special defenses were comprehended in this general charge in this language:

"Each of these charges directed the jury to answer the general question against plaintiff in error if the evidence established a specified group of facts constituting a defense to plaintiff in error's suit, under the law of contributory negligence. These charges contained explanations which were necessary to enable the jury to properly answer the court's comprehensive question, and hence were required by the express terms of the statute."

In the instant case the jury's answer that the note had not been paid by the defendant might well have been based upon a finding by the jury that defendant had not paid his open account. His right to prevail in the

suit, as pleaded, did not rest upon an affirmative finding that he had paid the account, provided the jury had found that plaintiff had paid the note under an agreement with defendant whereby it was extinguished and superseded by the contract to pay monthly on account.

In the original opinion it was questioned whether appellant's brief presented any questions for determination. As appears from the opinion, we did, in fact, consider the case, and we feel that appellant was entitled to have a consideration thereof, notwithstanding the propositions seemed to bring to the foreground the question of limitation, which, of course, was not a defense to plaintiff's suit, as pleaded, but would only be a defense in the event suit should be instituted upon the account. Assignment of error No. 1 is clearly a good proposition. Proposition No. 1 shows the importance of the special issue requested by defendant; and, at least, the purpose and spirit of the briefing rules are not violated by considering this case on its merits. No undue amount of the court's time is required to determine that the question is in the case.

For the reason above given, the motion for rehearing is granted, the judgment of this court heretofore rendered is set aside, and it is ordered that the judgment of the trial court be reversed and the cause remanded.

FUNDERBURK, J. (dissenting).

As to the legal questions discussed in the majority opinion on rehearing the writer is in agreement, but as I see it, the trial court did not err in refusing special issue No. 1, requested by the defendant, and even if such action was erroneous the question was not presented to this court for review.

The suit (omitting other matters not material to the question now under consideration) was upon a promissory note to recover judgment for a balance of $197.20, claimed to be due. The only defense pleaded (that in fact would be a defense) was that of payment. R. S. 1925, art. 2014, provides both the necessity and requisites of such a plea. The plea was good and tendered the issue because it sufficiently described the manner and means of the alleged payment; that is, that the plaintiff had advanced to defendant the amount with which to pay the balance due on the note, upon an agreement to charge it to the defendant upon account, to be paid in monthly installments, and that with such advancements the note had been paid off and discharged.

The sole question for the jury was whether or not the note had been paid. That issue was submitted to the jury and found against the defendant. In order to prove payment (as to which the burden was upon the defendant), it was for him, not only to prove the advancement and agreement alleged, but it was further necessary to prove the intent on the part of both parties that the note should be discharged, and not merely held by plaintiff as the owner. The agreement which may be said to have been shown by uncontradicted evidence was not conclusive of the existence of an intent on the part of both parties that the note should be discharged. That is but another way of saying that the proof of such advancement and agreement was not conclusive of the issue of payment. On the ultimate issue of payment, therefore, the agreement which special issue No. 1, requested by the defendant, asked the jury to find, was but a merely evidentiary matter. It was not a question to be submitted to the jury for that reason and for the further reason that the evidence did not raise such an issue of fact, since that was supported by the uncontradicted evidence. As the issue submitted was conclusive and the one refused was not only inconclusive but called for a finding of some of the matters of evidence necessary to support the issue of payment, the trial court did not err, I think, in refusing it. I fail to see the applicability of the principle discussed in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. Had the matter of payment been material and plaintiff had asserted that payment was made in one way and the defendant asserted that payment was made in another way, then certainly, under that authority, the defendant would have had the right to have the jury pass upon whether or not payment had been made in the manner asserted by the defendant. But here plaintiff was not contending that payment was made in any different way than that asserted by defendant. It was the position of plaintiff that no payment had been made. If payment was made, the means by which it was made was relatively unimportant. The fact of payment was all-important. The court certainly denied no right that defendant can lawfully claim in denying him the request to have the jury find certain facts established by the undisputed evidence that if found was not conclusive of the question whether or not the note had been paid.

To me it seems just as certain that, even if it should be conceded that the trial court should have given special issue No. 1 requested by defendant, the question of error in refusing to do so is not presented by appellant's brief. As I understand, it is not sufficient to merely make complaint of a ruling of the court in a motion for new trial or by the filing of assignments of error. The grounds upon which the reversal of a case is sought are under the rules required to be presented as points or propositions. These are something distinct from assignments, since entirely different provisions are made with reference to each, and it is only re-

quired that the points or propositions be germane to some one or more of the assignments. The assignments are required to be set aside to themselves and their function in the brief is only to furnish the means of a ready reference to determine if the points or propositions are germane. The only point or propositions having any reference to the assignment complaining of the refusal of the court to give special issue No. 1 raises a question of an account being barred by the two-year statute of limitation (Rev. St. 1925, art. 5526). It is clearly not germane to the assignment. The assignment itself, if it be considered good as a proposition, is not submitted as such. What better standing then could it have than any other assignment that is not briefed, either by presenting same as a proposition of law itself or by submitting a proposition germane to it? The record does not disclose any dereliction on the part of appellee. If the appellant evidenced his consent to the trial of the case on a wrong theory of law, he could not justly complain if it should be sent back for trial. That not being the case, however, it seems to me that the judgment of the trial court should be affirmed.