## SAFETY FIRST BUS CO. v. SKIBINSKI et al.
### No. 3512.

Court of Civil Appeals of Texas. Amarillo.
Feb. 18, 1931.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellant.

Cook, Smith & Teed, of Pampa, for appellees.

JACKSON, J.

This suit was instituted in the district court of Gray county, Tex., by the plaintiff T. S. Skibinski to recover $816 in his individual capacity for damages to his automobile and Evangaline Skibinski, who, by her father as next friend, sued to recover the sum of $5,000 for personal injuries she sustained, all of which are alleged to have been occasioned by the negligence of the defendant, the Safety First Bus Company, a corporation.

Plaintiffs alleged:

That T. S. Skibinski is the father of the minor plaintiff Evangaline Skibinski, who is a girl seventeen years of age. That on June 21, 1929, T. S. Skibinski was the owner of a new Chevrolet sedan, and on said day his wife, Belle Skibinski, and his daughter Irene Skibinski were in the front seat of said sedan, and Margaret Skibinski and the minor plaintiff were seated in the back seat of said sedan. That his daughter Irene Skibinski was driving the sedan on the main-traveled highway in Gray county, Tex., between Pampa and Kingsmill, at a reasonable rate of speed and on the right side of the road in an easterly direction toward the town of Pampa. That a large bus, owned by defendant and operated

by its agent at an excessive rate of speed, about 50 miles per hour, ran into the rear of the Chevrolet sedan with such force as to completely demolish and destroy the sedan. That, as a result of such collision, the minor plaintiff Evangaline Skibinski had the principal bone in her right leg between the knee and ankle broken, which caused her excruciating pain and suffering, and as a result thereof from the day of the accident to the day of the filing of this suit she has been unable to use her leg or to perform any services whatever, and by reason of such injuries has been damaged in the sum of $5,000.

That the automobile immediately before the accident was of the reasonable market value of $816, and immediately after the accident was worthless.

That by the exercise of reasonable care and caution the defendant's agent driving its bus could have avoided the accident, and that the injuries and damages herein complained of were proximately caused by the negligence of the defendant, its agents and servants, in driving said bus into plaintiff's automobile under the conditions and circumstances herein alleged, and in failing to use ordinary care to avoid the damages to the car and the personal injuries to the minor plaintiff.

The defendant answered by general demurrer, special exception, general denial and alleged:

That on June 21, 1929, just before the collision alleged in plaintiff's petition, the wife and daughters of T. S. Skibinski, with his permission, were in said Chevrolet sedan which was being driven by the minor daughter Irene Skibinski, and were all engaged in a common purpose of business or pleasure in which they were all interested. That the minor plaintiff, with the other occupants of the car, just prior to the collision in question, were traveling on a side road in a southerly direction toward its intersection with the state highway running between Kingsmill and Pampa. That said side road intersected said state highway very nearly at right angles. That the Panhandle & Santa Fé Railway Company's tracks, built on a slight elevation, extend parallel with and north of said state highway and said intersection, and the Chevrolet sedan, with its occupants traveling said side road, passed over the railroad track about 75 feet from the intersection of the side road and the state highway. That the approach to said intersection was clear and unobstructed, and the driver of said sedan could, by looking, see said intersection, the highway, and the traffic traveling thereon. That the defendant's bus, going in an easterly direction on the highway toward Pampa, was approaching said intersection at a speed of about 35 miles per hour. That, traveling in a westerly direction on said highway, a truck was approaching said intersec-

tion. That said truck, defendant's bus, and the Chevrolet sedan would, at the apparent speed each was traveling, reach the intersection about the same time. That the defendant's bus had the right of way over the Chevrolet sedan, because it was approaching said intersection from the right of said sedan. That the driver of the sedan slowed down as she crossed the railroad track and approached said intersection, leading defendant's bus driver to believe she would allow the bus to pass. That the sedan at the speed it was traveling as it neared and reached said intersection could have, by the exercise of ordinary care, been stopped in a distance of 4 or 5 feet. That the driver of the sedan and its occupants knew that the bus and the truck were approaching said intersection from opposite directions. That, notwithstanding these facts, all of which the minor plaintiff and the other occupants of the sedan knew, the driver thereof suddenly ran the sedan onto the intersection just ahead of the truck going west, and turned to the left in front of defendant's bus going east. That the driver of the bus had it under full control, and promptly applied the brakes, and succeeded in reducing his machine to a speed of some 15 or 20 miles per hour before the collision, but, in spite of his best and most diligent efforts, the collision occurred. That the driver of the sedan and the minor plaintiff negligently ran onto the state highway, and negligently turned said sedan in front of the bus. That the minor plaintiff and the driver of the sedan and other occupants thereof were guilty of negligence in failing and refusing to yield the right of way to the defendant's bus; in leading the driver of the defendant's bus to believe from their acts and conduct that they intended to allow the bus to pass; and in failing to stop the sedan just before or as it entered said intersection.

That the plaintiff T. S. Skibinski was guilty of negligence in allowing his minor daughter Irene Skibinski to drive said sedan, because she was inexperienced, nervous, and excitable, and without sufficient judgment to act calmly, coolly, and with discretion under circumstances of emergency such as are apt to be encountered in operating an automobile in general traffic upon a highway.

In response to special issues submitted by the court, the jury found, in effect, that the driver of defendant's bus, just prior to and at the time it struck the sedan, failed to exercise ordinary care to prevent the collision; that such failure on the part of the driver was a proximate cause of the collision; that the bus as it approached the intersection was traveling 45 miles per hour; that at the time and immediately preceding the accident it was traveling 30 miles per hour; that the rate of speed at which the bus was traveling as it approached the intersection and the rate of speed it was traveling immediately preceding

the accident were proximate causes of the collision; that the minor plaintiff was damaged in the sum of $3,000; that the automobile was damaged in the sum of $666; that T. S. Skibinski was not guilty of negligence in permitting Irene Skibinski to drive and operate the sedan; that the minor plaintiff, at the time and just prior to the collision, exercised ordinary care for her own safety; that the driver of the sedan, Irene Skibinski, was not guilty of negligence in driving onto the highway at the time and under the conditions in which she did drive onto said highway; that the driver of the sedan, Irene Skibinski, used ordinary care in driving and handling the sedan after entering upon the state highway.

On these findings judgment was entered in favor of T. S. Skibinski in the sum of $666, with interest at the rate of 6 per cent. per annum, and in favor of the minor plaintiff Evangaline Skibinski in the sum of $3,000, with interest from date at the rate of 6 per cent. per annum, from which judgments this appeal is prosecuted.

The appellant presents as error the action of the trial court in refusing to peremptorily direct a verdict in its favor, because, under the undisputed testimony, the bus had the right of way, and the failure of the driver of the sedan and the minor plaintiff to yield the right of way, as a matter of law, constituted negligence which was the proximate cause of the injury.

The testimony shows: That the side road and the state highway intersect nearly at right angles. That the bus was traveling easterly toward Pampa on the highway, and the sedan was traveling southerly on the side road until it entered the highway and circled to the left toward Pampa. That the railroad tracks extend parallel with and from 50 to 100 feet north of the road intersection. That the traveled portion of the highway at the intersection was 30 to 45 feet wide, and the traveled portion of the side road was from 25 to 35 feet wide. That the sedan was struck on the rear at the right-hand side thereof. The witnesses did not agree as to where the collision occurred, some placing it in the intersection, some in the east line, and some 30 to 35 feet farther east. That T. S. Skibinski was the owner of the sedan, and furnished it to the family to be used for both business and pleasure, and it was being so used at the time of the collision.

The driver of the sedan testified, in effect, that the defendant's bus was approaching the intersection from her right; that the view to the intersection was unobstructed; that as she crossed the railroad she saw the bus, which was 150 feet from the intersection, coming very fast, a speed of 50 miles per hour; that she also saw the truck coming toward the intersection from the east, traveling about 35 miles per hour, but the truck was a little farther from the intersection than the bus; that she knew the bus had the right of way, but thought she had plenty of time to pass ahead of it; that she was traveling about 15 miles per hour when she crossed the railroad, and continued that speed until she got on the highway, when she speeded up and circled to the left, going toward the south side of the intersection; that, if her mother or the minor plaintiff had advised her to stop, she would have heeded such advice; that she could have stopped the sedan at the speed she was going in 4 or 5 feet; that the minor plaintiff said: "There comes a bus" and she replied: "I see it," but that none of the occupants of the car either advised or requested her to stop.

The mother testified that, when they crossed the railroad, they saw the truck, and she told the driver to be careful; that they also saw the bus coming very fast about 150 feet from the intersection; that just before they drove onto the highway they slowed down.

The minor plaintiff testified, in substance, as did the mother and the driver of the sedan, except she stated she saw the bus coming as they crossed the railroad, and as they started onto the highway the bus was 150 feet away, coming very fast, and she told her sister the bus was coming.

The driver of the bus testified, in effect, that as he approached within 100 feet of the intersection he saw the sedan approaching 50 or 60 feet therefrom; that at the speed the sedan and the bus were each traveling they would reach the intersection about the same time; that, from the action of the driver of the sedan, he thought they intended to allow him to pass; that, when he was within 30 or 40 feet of the intersection, the sedan came into the highway and crossed to the left in front of the bus; that he put on the brakes just before he reached the intersection and slowed down his speed; that he could not pass the sedan on the right on account of the borrow pit, and could not pass on the left because of the truck going west, and, in spite of what he could do, the collision occurred.

Article 801, subd. E, Penal Code, reads, in part, as follows:

"The operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

The penalty for a violation of this provision is a fine not exceeding $100.

In construing this provision, it has been held that:

"The statute must be given a reasonable interpretation, and should be interpreted to mean that, if one approaching an intersection from the left finds no one approaching it on

the other street from the right within such distance as reasonably to indicate danger of collision, he is under no obligation to stop and wait, but may proceed in the exercise of reasonable care." Jimmie Guest Motor Co. et al. v. Olcott (Tex. Civ. App.) 26 S.W.(2d) 373, 376, and authorities cited.

See, also, George Heidle et al. v. Flossie Baldwin, 118 Ohio St. 375, 161 N. E. 44, 58 A. L. R. 1186, and annotations beginning on page 1197.

■ While the testimony indicates that the driver of the sedan and the other occupants thereof thought they could drive onto the highway ahead of the bus without danger, this would not relieve them from exercising ordinary care, and would not be a defense if they were guilty of negligence. Alamo Iron Works v. Prado (Tex. Civ. App.) 220 S. W. 282.

■ Under the findings of the jury, the bus driver was guilty of negligence per se in driving at a speed of 45 miles per hour, and, under all the facts and circumstances, it is our opinion that the court did not commit error in refusing to direct a verdict in favor of the defendant. 5 Tex. Jur. 688, § 92.

The appellant challenges as error the action of the trial court in submitting to the jury whether or not the driver of the bus, just prior to and at the time of the collision, failed to exercise ordinary care to prevent it, because such issue was not raised by the pleadings, and was tantamount to presenting a question of discovered peril.

■■ In determining whether an issue submitted is supported by the pleadings, the court should consider the allegations in the pleadings of both parties. Ormsby et al. v. Ratcliff et al. (Tex. Civ. App.) 22 S.W.(2d) 504; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781, and authorities cited. In our opinion, the pleadings of the appellees, in connection with the pleadings of appellant, were sufficient to authorize the court to submit the issue complained of, and this assignment is overruled.

■ The appellant by several assignments assails as error the action of the court in admitting certain testimony and in excluding certain testimony, but these assignments are not considered, because the statement of facts discloses that the evidence, the exclusion of which is complained of, is in the record, and the testimony to which exceptions were taken and urged here as error is not in the statement of facts. 3 Tex. Jur. 794, § 564.

■ The appellant by several assignments assails as error the action of the trial court in refusing to sustain its objections to special issues Nos. 10 and 16 submitted by the court, for the reason that such issues were too general, and failed to submit separately and affirmatively the specific acts of negligence al-

leged against the driver of the sedan, and in refusing to give special issues requested by appellant presenting to the jury separately and affirmatively the negligent acts charged against such party.

Issue No. 10 is, in substance, whether or not the driver of the sedan was guilty of negligence in driving on the highway at the time and under the conditions existing. Issue No. 16 is, in substance, whether or not the driver of the sedan failed to exercise ordinary care in driving and handling the sedan after it entered upon the highway and just prior to the accident.

The appellant, in addition to its exceptions and objections to such issues, requested the court to submit special issues which are, in substance, Should the driver of the sedan, in the exercise of ordinary care, have known that the driver of the bus would probably act upon the belief that she would yield the right of way? Was the failure of the driver of the sedan to yield the right of way at the intersection negligence? Could the driver of the sedan have stopped it as it started on the highway in time to have prevented the collision and whether it was negligence for her to fail to do so?

Appellant also asked issues presenting whether or not any of these acts, if negligence, was a proximate cause of the damage to the sedan and the injury sustained by the minor plaintiff.

Article 2189, R. C. S., in part, provides:

"In all jury cases, the court may submit said cause upon special issues without request of either party, and, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately."

In Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647, 652, the court submitted the negligence of the plaintiff in an issue reading as follows:

"Was Alexander Fox guilty of contributory negligence in his conduct in, around, or about the said elevator or the shaft thereof prior to or at the time he was injured?"

The appellant had pleaded that Fox had been guilty of contributory negligence:

"(a) In putting part of his body underneath the elevator; (b) in failing to operate the elevator up and down until the sticking, if any, was overcome; (c) in failing to lock the elevator in place by closing the outlet water valve before going under the elevator; (d) in putting part of his body under the elevator without having locked it in position; and (e) in not getting entirely in the elevator pit if he was going to get under the elevator at all."

Judge Hall of this court held that the failure of the trial judge to submit the specific acts of negligence pleaded distinctly and separately was error.

In affirming this holding, the Supreme Court in 111 Tex. 461, 240 S. W. 517, 522, after discussing the duty of the trial court under the statute, said:

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved. * * * In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven. * * * After erring by intermingling in one question all the contributory negligence issues by asking whether Fox was 'guilty of contributory negligence in his conduct in, around, or about the elevator, or the shaft thereof, prior to or at the time he was injured,' the court further erred in refusing certain special charges asked by defendant in error which might have rendered the first error harmless. Each of these charges directed the jury to answer the general question against plaintiff in error if the evidence established a specified group of facts constituting a defense to plaintiff in error's suit, under the law of contributory negligence. * * * The right of a party plaintiff or defendant to have all fact issues submitted to, and determined by, a jury which he has pleaded and proven, depends in no wise on whether judgment is to be entered on a special or general verdict. The language of the statute is too plain to admit of doubt on this point."

See, also, Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137; Bonin v. A. C. Horn Co. et al. (Tex. Civ. App.) 6 S.W.(2d) 816; Ft. W. & R. G. R. Co. v. Sageser et al. (Tex. Civ. App.) 18 S.W.(2d) 246; St. L., B. & M. Ry. Co. v. Tijerina (Tex. Civ. App.) 18 S.W.(2d) 727; Adams v. Le Sage (Tex. Civ. App.) 25 S.W.(2d) 207.

There is testimony tending to show that the sedan and bus at the rate each was traveling would reach the intersection approximately at the same time; that the sedan, just before it entered the highway, slowed down; that this caused the appellant's driver to believe the sedan was going to let him pass. The testimony is uncontroverted that appellant's bus had the right of way and that the driver of the sedan could have stopped it in 4 or 5 feet at the speed she was traveling. The exceptions and objections of the appellant to the general issues as submitted and the special issues requested were sufficient to require the court to submit to the jury the special acts of negligence alleged by appellant as a defense separately and distinctly.

These assignments are sustained.

The assignments challenging as error the action of the court in refusing to submit certain other special issues requested by the appellant we deem it unnecessary to discuss, because what we have said disposes of such requested issues of contributory negligence presented by the allegations and proof as would have defeated the appellees' causes of action.

The judgment is reversed, and the cause remanded.